## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **PETER KIEWIT SONS' INC.** and **KIEWIT CORPORATION,** | ) ) ) **CASE NO. 8:08CV541** |
| **Plaintiffs,** | ) ) |
| v. | ) **TEMPORARY** ) **RESTRAINING ORDER** ) |
| **ATSER, LP,** | ) ) |
| **Defendant.** | ) |

This matter is before the Court on the Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 3). A summons has been issued, but the Defendant has not yet made an appearance in this matter.

The motion for temporary injunctive relief is supported by a brief and index of evidence (Filing Nos. 4 and 5). The Plaintiffs have included the declaration of attorney Mark J. Peterson addressing the matter of compliance with Rule 65 (b)(1) of the Federal Rule of Civil Procedure. Mr. Peterson's declaration (Filing No. 5-3) sufficiently addresses subsection (b)(1)(A) dealing with the potential for immediate and irreparable injury, loss or damage that might result to the Plaintiffs, as well as Plaintiffs' efforts to give notice to the Defendant pursuant to subsection (b)(1)(B).

When considering a motion for a preliminary injunction, a court must weigh the movant's probability of success on the merits, the threat of irreparable harm to the movant absent the injunction, the balance between the harm and the injury that issuance of an injunction might inflict on other interested parties, and the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)(*en banc*).

The Plaintiffs have addressed the required *Dataphase* elements. The evidence suggests that the Defendant intends to disrupt or terminate the Plaintiffs' access to the web-based software program on which the Plaintiffs depend to manage their numerous,

on-going construction projects. The Plaintiffs have shown that they may succeed on the merits of their claims. The Plaintiffs have shown that there is an imminent threat of irreparable harm, in terms of their ability to "collect, manage, report and analyze an enormous amount of engineering and construction information for [their] major construction products" due to their reliance on the Defendant's web-based software program and that their injuries may not be remedied by money damages (Filing No. 4, Plaintiffs' Brief at 3). I find that it is unlikely that issuance of the injunction will cause significant harm to third parties, and that it is in the public interest generally to issue the injunctive relief given the Plaintiffs' involvement with public works projects that may affect public health, safety and welfare. I conclude that a temporary injunction is warranted in favor of the Plaintiffs. Accordingly,

IT IS HEREBY ORDERED:

1. Plaintiffs' Motion for a Temporary Restraining Order (Filing No. 3) is granted;

2. Defendant ATSER, LP, is temporarily restrained from disrupting or terminating the Plaintiffs' access to that certain web technology and software which allows the Plaintiffs to access and manage data relating to its engineering and construction projects, which technology and software is the subject of the "Software License Agreement" entered into on August 20, 2005, between the parties;

3. This Temporary Restraining Order will expire at 11:59 p.m. on January 10, 2009, unless otherwise extended or vacated. The parties should note that, once granted, a temporary restraining order can be extended beyond its initial duration for "good cause" or by the consent of the adverse party. Fed. R. Civ. P. 65(b). The rule requires that "[the reasons for an extension . . . be entered in the record." Fed. R. Civ. P. 65(b);

4. A hearing on the Plaintiffs' Motion for Preliminary Injunction (Filing No. 3) against the Defendant, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for the purpose of extending the temporary relief granted in this Order as well as additional relief requested, will be set within seven to ten days of the date of this Order, following consultation with counsel for the parties, or the parties themselves, if not represented by counsel, regarding their availability;

5. Plaintiffs will not be required to post a bond with the Clerk of Court at this time. The Court will address the issue of a security bond during the hearing on the Plaintiffs' Motion for Preliminary Injunction;

6. Service of this Order shall be made via CM/ECF on all parties, and may additionally be made by email, facsimile, mail, overnight delivery to the business address of any defendant, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of defendants, or by publication; and

7. Plaintiffs' counsel is directed to serve a copy of this order upon the Defendant by United States mail and by any other means practicable to effect actual notice on the Defendant of the hearing to be scheduled in this matter.

DATED this 31st day of December, 2008, at 3:38 p.m., Central Daylight Time.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge