IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PETER KIEWIT SONS', INC. and KIEWIT CORPORATION, | CASE NO. 8:08CV541 |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| ATSER, LP, | |
| Defendant. | |

This matter is before the Court on the Defendant's Motion to Dismiss (Filing No. 19) and the Plaintiffs' Motion to Strike (Filing No. 45).  The Defendant has moved to dismiss the Plaintiffs' action against it pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiffs have moved the Court for an Order striking "all new argument and requests for relief" from the reply brief filed by ATSER in support of its Motion to Dismiss.  For the reasons set forth below, the Defendant's motion to dismiss will be granted in part, and denied in part.  Plaintiffs' motion to strike will be denied as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

For purposes of the pending motion to dismiss, this Court accepts as true the factual allegations in the Complaint (Filing No. 1), although the Court is not bound to accept the Plaintiffs' legal conclusions.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

Plaintiffs, Peter Kiewit Sons', Inc., and Kiewit Corporation (collectively "Kiewit"), are a large construction, engineering, and mining organization, incorporated in Delaware, with headquarters in Omaha, Nebraska.  (Complaint, Filing No. 1 at ¶¶ 1, 2 ,8, 9).  Defendant, ATSER, LP ("ATSER"), a Texas limited partnership, is an engineering services firm located in Houston, Texas.  (*Id.* at ¶¶ 3, 10).  According to the Complaint, ATSER "advertises itself

as having expertise in web-based technology as it relates to infrastructure, roadway and rail design, and construction and materials." (*Id.* at ¶ 10).

On August 20, 2005, Kiewit and ATSER entered into a Software License Agreement ("Agreement"), "whereunder ATSER agreed to provide web-based technology and software which manages and tracks progress and funding for Kiewit's engineering projects, and to grant Kiewit a license to said technology." (*Id.* at ¶ 11; Filing No. 5-4, p. 1).[1] According to the Complaint, ATSER granted Kiewit a "nonexclusive, nontransferable, fully paid up and perpetual single service license" to use the Licensed Software. (*Id.* at ¶ 12). The Complaint alleges that all of the fees and costs that were due under the Agreement have been paid by Kiewit and that Kiewit has not breached the Agreement. (*Id.* at 14). Kiewit alleges that ATSER provided hosting and technical support for the web-based software and database, and gave Kiewit unlimited access to both of these beginning in August 2005 and continuing to the time of the filing of the Complaint. (*Id.* at ¶ 15). Kiewit contends that the Agreement contained a provision by which, upon request by Kiewit, the software license could be relocated to Kiewit's own server. (*Id.* at ¶ 16). Kiewit alleges that it made such a request and that ATSER has failed and refused to comply with the relocation request. (*Id.* at ¶ 17). Kiewit further alleges that "[b]ased on information and belief, ATSER will disrupt and/or terminate Kiewit's access to the web-based software and database on or about January 1, 2009." (*Id.* at ¶ 18).

---

[1] The Software License Agreement ("Agreement") was included in the Index of Evidence (Filing No. 5) filed in support of Kiewit's Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 3). As discussed more fully below, the Court considers the Agreement to be embraced by the pleadings.

Kiewit's first claim against ATSER is for breach of contract. Kiewit alleges that "ATSER breached the parties' contract by failing to relocate the license to a Kiewit server and by threatening to disrupt or terminate Kiewit's access to the web-based software and database." (*Id.* at ¶ 21). Kiewit's second claim against ATSER is for breach of the duty of good faith and fair dealing. Kiewit contends that ATSER "acted in bad faith by way of its failure and refusal to honor Kiewit's request that the license be transferred to a Kiewit location." (*Id.* at ¶ 26). Kiewit seeks general and consequential damages in addition to injunctive relief, specific performance, and costs. (*Id.* at p. 5).

Kiewit initiated this action on December 30, 2008, with the filing of the Complaint (Filing No. 1), and a Motion for Temporary Restraining Order and Preliminary Injunction seeking to restrain ATSER from disrupting or terminating Kiewit's access to the Licensed Software (Filing No. 3). On December 31, 2008, the Court entered a temporary restraining order enjoining ATSER from "disrupting or terminating [Kiewit's] access to that certain web technology and software . . . which . . . is the subject of the 'Software License Agreement' . . . between the parties." (Filing No. 9). On January 9, 2009, the Court heard Kiewit's Motion for Preliminary Injunction and entered an Order on January 12, 2009, enjoining ATSER from disrupting or terminating Kiewit's access to the licensed software and ordering ATSER to facilitate the transfer of the licensed software and stored data to a server specified by Kiewit. (Filing No. 31).

In its Motion to Dismiss (Filing No. 19) and supporting brief (Filing No. 20) ATSER argues that Kiewit has failed to state a claim upon which relief can be granted. Kiewit filed a Motion to Strike (Filing No. 45) asking that the Court strike what Kiewit characterizes as "new argument and requests for relief" set forth in ATSER's reply brief.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based on the complete diversity of citizenship between the Plaintiffs and the Defendant, and an amount in controversy in excess of $75,000.

## STANDARD OF REVIEW

The Defendant's motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . " *Bell Atlantic Corp.*, 127 S. Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

"In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion. . . .  Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion." *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999).  Though "matters outside the pleading" are generally not considered in deciding a Rule 12(b)(6) motion, documents "necessarily embraced by the complaint" are not considered to be "matters outside the pleading." *Enervations, Inc. v. Minnesota Mining and Mfg. Co.,* 380 F.3d 1066,

4

1069 (8th Cir. 2004) (citing *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003)).

The Complaint refers to a "Software License Agreement" ("Agreement"), although a copy of that Agreement was not attached to the Complaint. The Agreement was not submitted in support of, or in opposition to, ATSER's Motion to Dismiss, however, both parties frequently refer to the Agreement in their briefs. A copy of the Agreement was filed in support of Kiewit's Motion for Temporary Restraining Order and Motion for Preliminary Injunction and appears at Filing No. 5-4. I conclude that the Agreement[2] is embraced by Kiewit's Complaint, and that copies of the Agreement are properly part of the Rule 12 record.

Conversely, I find that the December 22, 2008, letter from ATSER's CEO, D. Fred Martinez, to Kiewit's employee Larry Cochran, submitted by Kiewit at Filing No. 37, is not "necessarily embraced by the complaint," nor is it a matter of public record, and as such it is a matter outside the pleadings and will not be considered by the Court with respect to ATSER's Motion to Dismiss.

## DISCUSSION

**First Claim for Relief (Breach of Contract)**

ATSER argues that Kiewit failed to plead sufficient facts to state a claim for breach of contract. It its Complaint, Kiewit made factual allegations with respect to the nature of

---

[2]In addition to its own terms, the Software License Agreement appears to incorporate the language of a proposal prepared by ATSER for Kiewit. (Filing No. 5-4, pp. 1, 8).

5

the Agreement between the parties, in addition to the following factual allegations specific to its breach-of-contract claim:

> 20. Kiewit performed all of its obligations and/or met or exceeded all conditions pursuant to the parties' Agreement.
>
> 21. ATSER breached the parties' contract by failing to relocate the license to a Kiewit computer server and by threatening to disrupt or terminate Kiewit's access to the web-based software and database.
>
> 22. Kiewit provided ATSER with notice of its breach, and ATSER has failed and refused to cure its breach of contract between the parties.
>
> 23. As a result of ATSER's breach of contract, Kiewit will suffer significant and irreparable damage as set forth . . . below.

(Filing No. 1).

In support of its 12(b)(6) motion, ATSER alleges three specific deficiencies in Kiewit's breach-of-contract claim. First, ATSER contends that Kiewit failed to plead specific facts detailing the date of the request to relocate the software license and whether ATSER was given a reasonable amount of time to complete the transfer. As such, ATSER maintains that Kiewit has "not sufficiently alleged any breach because ATSER's deadline to perform has not passed." (Brief in Support of Motion to Dismiss, Filing No. 20, p. 7).

Second, ATSER contends that Kiewit has failed to state a claim for breach of contract based on the allegations that ATSER threatened to disrupt or terminate Kiewit's access to the software and database. ATSER argues that, aside from the "Software License Agreement," a separate "Software Service Agreement"[3] existed between the

---

[3]In its brief filed in opposition to ATSER's Motion to Dismiss, Kiewit takes exception to ATSER's references to the proposal incorporated in the "Software License Agreement" and found at Filing No. 5-4, as the "Software Service Agreement." (Filing No. 36, p. 2).

6

parties under which ATSER provided hosting and technical support of the licensed software and Kiewit's data. (Filing No. 20, p. 7). ATSER further argues that its obligations to Kiewit under the "Software Service Agreement" were set to expire on December 31, 2008. (*Id.*). ATSER maintains that a breach-of-contract claim cannot be maintained where, at the natural expiration the agreement, a contract ceases to exist between the parties.

Finally, ATSER contends that Kiewit failed to state a claim for relief under its breach-of-contract claim, because Kiewit requested remedies unavailable under the language of the Agreement. ATSER argues that the Agreement contains specific provisions for remedies and that those remedies are exclusive. (*Id.* at p. 8). Specifically, ATSER contends that injunctive relief, specific performance, and consequential damages are not available remedies. (*Id.*). In its reply brief, ATSER attempts to clarify its argument with respect to remedies by arguing that the Court should dismiss "any claims for relief that Kiewit is not entitled to under the contract." (Reply Brief in Support of Motion to Dismiss, Filing No. 38, p. 7).

Kiewit's Complaint, with respect to it's first claim for relief, breach of contract, contains factual allegations sufficient to survive ATSER's Rule 12(b)(6) motion. Clearly, the parties disagree as to the nature, scope, and terms of the Agreement. Central to the dispute is the issue of what duties or services accompany ATSER's grant of a perpetual single-service license to Kiewit, and what duties or services were incorporated in the Agreement between the parties that was set to expire on December 31, 2008. Such

7

analysis involves an examination of the facts that goes beyond what is appropriate for the Court to consider in ruling on a motion to dismiss.[4]

Therefore, I find that Kiewit has alleged sufficient facts to state a claim for breach of contract against ATSER, and ATSER's Motion to Dismiss with respect to Kiewit's breach of contract claim will be denied.

**Second Claim for Relief (Good Faith and Fair Dealing)**

The parties do not dispute that the substantive laws of the State of Texas govern the construction and enforcement of the Agreement. (See Filing No. 5-4, ¶ 11.5). Both parties cite to Texas case law to support their divergent positions with respect to the application of the covenant of good faith and fair dealing. The parties disagree, however, as to whether the facts support Kiewit's claim for violation of the covenant of good faith and fair dealing under the Texas law.

In *English v. Fischer*, 660 S.W.2d 521 (Tex. 1983), the plaintiff homeowner sued the mortgagee for failing to turn over proceeds from a fire insurance policy to the plaintiff to assist with the costs of rebuilding. The court of appeals affirmed the trial court's judgment in favor of the plaintiff and the award of damages. In reversing that decision, the Texas Supreme Court rejected the lower courts' "adoption of a novel theory of law . . . that in every contract there is an implied covenant that neither party will do anything which injures the right of the other party to receive the benefits of the agreement." *Id.* at 522. In rejecting the concept of the covenant of good faith and fair dealing, the court in *English* held that the covenant of good faith and fair dealing:

---

[4] The Court finds it would be premature at this time to parse the language of the Agreement to determine what remedies are, or are not, available to the Plaintiffs.

>is contrary to our well-reasoned and long-established adversary system which has served us ably in Texas for almost 150 years. Our system permits parties who have a dispute over a contract to present their case to an impartial tribunal for a determination of the agreement as made by the parties and embodied in the contract itself. To adopt the laudatory sounding theory of 'good faith and fair dealing' would place a party under the onerous threat of treble damages should he seek to compel his adversary to perform according to the contract terms as agreed upon by the parties. The novel concept advocated by the courts below would abolish our system of government according to settled rules of law and let each case be decided upon what might seem 'fair and in good faith,' by each fact finder. This we are unwilling to do.

*Id.*

In response to ATSER's argument that no duty of good faith and fair dealing arises under the Software License Agreement, Kiewit cites the case of *Young v. Neatherlin,* 102 S.W.3d 415 (Tex. 2003). In *Young*, the contract at issue involved the sale and delivery of two model homes and contained language giving one party unilateral power to void the entire arrangement. *Id.* at 420. "When, as here, performance is conditioned on one party's judgment or determination, courts imply a requirement that such judgment be exercised in good faith." *Id.* In opposing ATSER's Motion to Dismiss, Kiewit contends that ATSER's contractual obligation to transfer the licensed software to a Kiewit server implies an obligation "to do so in a workman-like manner and to cooperate in effectuating its obligation." (Brief in Opposition to Motion to Dismiss, Filing No. 36, p. 7). The contract before this Court is not one in which ATSER has unilateral control to void the entire arrangement. I find the Texas court's good-faith requirement in *Young* inapplicable to the facts before this Court.

Moreover, this is not a case in which "a duty of good faith and fair dealing may arise as a result of a special relationship between the parties governed or created by a contract."

*Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987) (The court recognized "a duty on the part of insurers to deal fairly and in good faith with their insureds" based on the "unequal bargaining power and the nature of insurance contracts."). Kiewit's Complaint is devoid of allegations that a special relationship existed between the parties that would lead the Court to apply the covenant of good faith and fair dealing which has been generally rejected by the Texas Supreme Court.

**Plaintiff's Motion to Strike**

Kiewit requests that the Court strike what it terms "new argument and requests for relief" from ATSER's reply brief filed in support of its Motion to Dismiss. (Filing No. 45). Kiewit contends that "in its Reply Brief, ATSER attempts to recast its Motion by now seeking only *partial* dismissal of certain remedies sought by Kiewit." (Brief in Support of Motion to Strike, Filing No. 46, p. 1). In light of the Court's decision to deny ATSER's Motion to Dismiss with respect to Kiewit's entire breach-of-contract claim, the Motion to Strike will be denied as moot.

## CONCLUSION

Liberally construed, the Complaint states a claim, under breach of contract, upon which relief can be granted. Kiewit's claim for relief based on the covenant of good faith and fair dealing fails to state a claim under which relief may be granted under applicable Texas law. Accordingly,

IT IS ORDERED:

1. The Defendant's Motion to Dismiss (Filing No. 19) is granted in part and denied in part, as follows:

      a.      Plaintiffs' Second Claim for Relief, based on the covenant of good faith and fair dealing, is dismissed; and

      b.      The Motion to Dismiss (Filing No. 19) is otherwise denied.

2.      The Plaintiff's Motion to Strike (Filing No. 45) is denied as moot; and

3.      The Defendant shall respond to the Complaint on or before June 2, 2009.

DATED this 19th day of May, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge