IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PETER KIEWIT SONS' INC.<br>and KIEWIT CORP.,<br><br>   Plaintiffs,<br><br> vs.<br><br>ATSER,<br><br>   Defendant. | 8:08CV541<br><br>ORDER |

  This matter is before the court on the plaintiffs' Motion for Leave to Amend the Court's Order Setting Final Schedule for Progression of Case and Amend its Reply (Filing No. 175).  The plaintiffs seek leave to amend their reply to the defendant's counterclaim to add an affirmative defense related to the invalidation of a patent related to the subject software system.  The plaintiffs filed a brief (Filing No. 176), a draft of the proposed amended pleading (Filing No. 175 - Ex. A), and an index of evidence (Filing No. 177) in support of the motion.  The defendant filed a brief (Filing No. 186) in opposition to the motion.  The plaintiffs filed a brief (Filing No. 192) and an index of evidence (Filing No. 193) in reply.

## BACKGROUND

  The plaintiffs seek to amend the progression order to allow leave to amend a pleading out of time.  The deadline for the plaintiffs to make any amendments to the pleadings was May 15, 2009.  **See** Filing No. 68 Progression Order ¶ 7.  The plaintiffs contend good cause exists for the amendment out of time because the reason for the amendment occurred on August 27, 2009.  On August 27, 2009, a Texas court declared one of the defendant's patents invalid.  **See** Filing No. 177 - Ex. 2 - ***ATSER Res. Tech., Inc. v. Raba-Kistner Infrastructure, Inc., et al.***, No. SA-07-CA-93-H (W.D. Tx. Aug. 27, 2009) opinion granting summary judgment at p. 8.  The plaintiffs argue the invalidity of the patent impacts the amount of damages available to the defendant should the defendant

be successful on its claim that the plaintiffs improperly granted access to Assure-IT to unauthorized users.

In contrast, the defendant argues the invalidity of a patent is not a defense to a claim for breach of a license to software.  Accordingly, the defendant contends the amendment would be futile.  More specifically, the defendant asserts its claim is based on the parties' license agreement and copyright protection, which are separate from any rights derived from an applicable patent.  Furthermore, the defendant states there are patents that apply to the Assure-IT software aside from the patent involved in the **Raba-Kistner** case.  The defendant contents the patent found to be invalid is inapplicable to this case, in any event.  Finally, the defendant argues the invalidity of the patent can have no impact on damages, which would be based on the software license, for example, because the defendant's claims would be the same had the patent never existed.

The plaintiffs concede that if the defendant does not seek damages related to intellectual property, then the parties need not litigate the issue.  However, the plaintiffs show the defendant relies on information relating to proposals offered to other customers in different aspects of this case, so it is reasonable to believe the defendant may also rely on such information on the ultimate damage issue.  In turn, the proposals, or fees charged to other clients, may rest in part on the defendant's patents.  Therefore, the plaintiffs contend the invalid patent is relevant to the issue of damages.

## ANALYSIS

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires."  However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted).  The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see** *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006).  There is no absolute right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).  Whether to grant a motion for leave to amend is

within the sound discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Id.* (**citing** Fed. R. Civ. P. 16(b)). Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Id.*

As an initial matter, the court finds the plaintiffs have shown good cause for filing the motion to amend beyond the deadline imposed earlier by the court. The plaintiffs diligently sought the amendment after learning of the Texas court's order. The timing of plaintiffs' motion does not provide evidence the plaintiffs engaged in undue delay particularly under the current discovery and trial schedule. Further, the defendant does not challenge the motion based on delay.

The defendant contends the plaintiffs' proposed amendment would be futile. Leave to amend "may be denied if an amendment would be futile." *Stricker v. Union Planters Bank, N.A.*, 436 F.3d 875, 878 (8th Cir. 2006). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted). Further, "likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face." *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999); *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." *Sokolski*, 178 F.R.D. at 396 (citations omitted). The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15--to facilitate decision on the merits rather than on the pleadings or technicalities." *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056 (N.D. Cal. 2006) (internal citation omitted); **see** *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).

The court finds the defendant failed to meet its burden of showing it would be legally futile to allow the plaintiffs to amend the reply to add the proposed affirmative defense.

3

The defendant's claims against the plaintiffs may implicate the validity of the patent in question by way of damages or otherwise. However, the court will not determine the merits of the plaintiffs' affirmative defense at this time. Moreover, the proposed amendment is related to the current claims and will not significantly delay the case or impact discovery requirements. The parties will have ample time to complete any necessary discovery under the current scheduling order. **See** Filing No. 127 - Final Progression Order. The defendant has failed to sustain its burden of showing unfair prejudice. Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Motion for Leave to Amend the Court's Order Setting Final Schedule for Progression of Case and Amend its Reply (Filing No. 175) is granted.

2. The plaintiffs shall have to **on or before October 13, 2009**, to file the Amended Reply to Defendant's Counterclaim.

DATED this 5th day of October, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge