# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **PETER KIEWIT SONS', INC., et al.,** ) | |
| ) | |
| Plaintiffs, ) | 8:08CV541 |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **ATSER, LP,** ) | |
| ) | |
| Defendant. ) | |

At the parties' request made during a telephone call to the undersigned's chambers on March 30, 2010 (Attorneys Nora Kane and Megan Wright participating), the court will hold a settlement conference in this case beginning **at 8:30 a.m. on Friday, April 2, 2010,** in Courtroom No. 7, Second Floor, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

Each party shall supply the undersigned magistrate judge with a memorandum of the party's settlement position together with a recitation of the settlement history of the case. Such memorandum shall capsulize the issues and be submitted to the undersigned magistrate judge **NO LATER THAN NOON on Thursday, April 1, 2010.** The submission shall not be filed but shall be submitted by fax (402.661.7345), e-mail (thalken@ned.uscourts.gov) or by hand delivery to the undersigned's chambers, Suite 2271.

At least one person for each party and/or insurance company shall be in attendance and shall have full settlement authority. This requires the physical presence of the client or if a corporate, governmental, or organizational entity, a representative of the client who has both full settlement authority and the realistic freedom to exercise it without negative consequences. Any insurance company that is contractually required to defend or pay damages or which has a subrogation interest must also have a representative present with full settlement authority. "Full settlement authority" means:

(a) for a defendant, the representative must have final authority, in the representative's own discretion, to pay a settlement amount up to plaintiff's last prayer, or up to plaintiff's last demand, whichever is lower;

  (b) for a plaintiff, such representative must have final authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to defendant's last offer, whichever is higher;

  (c) for a client which is controlled by a group, like a board of directors or a claims committee, the representative must have the authority to settle for the group as described above;

  (d) for an insurance company with a defense or indemnity obligation, the representative must have final authority to commit the company to pay, in the representative's own discretion, an amount up to the plaintiff's last demand if within policy limits, or if not within policy limits, the limits of the policy, whichever is lower;

  (e) for an insurance company with a subrogation interest in the recovery of party, the representative must have final settlement authority to commit the company to settle, in the representative's own discretion, by dismissal of the interest with prejudice, or to accept a settlement amount down to the opponent's last offer, whichever is lower.

<u>The purpose of this provision is to have at least one person present for each party who has both the authority to exercise his or her own discretion and the realistic freedom to exercise such discretion without negative consequences, to settle the case at the settlement conference without consulting someone else who is not present.</u>

  Such persons and entities are further ordered to prepare for and participate in the settlement conference in objective good faith. The parties and counsel are reminded that the court may impose sanctions, including dismissal of a claim or defense, monetary sanctions, or such other sanctions as may be authorized by Fed. R. Civ. P. 16(f), should such persons or entities fail to comply with this order in objective good faith.

  **IT IS SO ORDERED.**

  DATED this 30th day of March, 2010.

                BY THE COURT:

                 s/Thomas D. Thalken
                United States Magistrate Judge